# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ALLAN SEAGER,

      Petitioner,

vs.                                                              No. 2:20-cv-01261-KWR-LF

DWAYNE SANTIESTEVAN, WARDEN,
ATTORNEY GENERAL OF THE STATE OF
NEW MEXICO,

      Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court, under Rules 4 and 11 of the Rules Governing Section 2254 Cases, on the handwritten petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody filed by Petitioner Allan Seager. (Doc. 1) ("Petition"). The Court will dismiss the Petition for lack of jurisdiction.

In a previous § 2254 proceeding, *Allan Seager v. Jeff Wrigley,* No. CV 15-00747 MCA/SMV, Petitioner attacked the same state court criminal conviction that is the subject of this proceeding, State of New Mexico cause no. D-722-CR-2010-00011, raising numerous issues, including improper admission of evidence obtained through an illegal search and seizure, ineffective assistance of counsel, and requiring Petitioner to wear shackles at trial. *See* CV 15-00747 Doc. 1, 21, 22; *See, also, Duhart v. Carlson,* 469 F.2d 471, 473 10th Cir. 1972) (noting that the court may take judicial notice of its own records). The Court denied a writ of habeas corpus on the merits and dismissed the petition with prejudice. (CV 15-00747 Doc. 21, 22, 23). On appeal,

the United States Court of Appeals for the Tenth Circuit dismissed Seager's appeal for failure to prosecute. (CV 15-00747, Doc. 36).

Petitioner now brings a new, second or successive, § 2254 petition raising issues of improper admission of evidence seized through an improper warrant and claimed incarceration for 531 days without being informed of the charges. (Doc. 1 at 4-8). All of the issues raised by Seager arise out of the same criminal conviction and sentence that was presented and determined in Seager's prior § 2254 proceeding. (*See* Doc. 1 and CV 15-00747 Doc. 1, 21, 22).

Under 28 U.S.C. § 2244(b)(1), a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed. A claim that was not presented in a prior application shall also be dismissed unless the applicant shows either (1) that the claim relies on a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court or (2) that the factual predicate for the claim was previously unavailable and would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Although he applies different theories to his claims, the factual basis of Seager's arguments were clearly raised in his prior § 2254 proceeding. *Compare* Doc. 1 at 4-8 with CV 15-00747, Doc. 1, 21, 22. Petitioner's claims were raised in his prior § 2254 proceeding and must be dismissed. 28 U.S.C. § 2244(b)(1); *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997). Moreover, to the extent any argument can be raised that Petitioner did not previously raise any asserted claim in his prior § 2254 Petition, Seager does not rely on any new constitutional law that was previously unavailable and made retroactive on collateral review by the United States Supreme Court. *See* 28 U.S.C. § 2244(b)(2)(A); *Tyler v. Cain*, 533 U.S. 656 (2001). Nor does

Petitioner argue or rely on a factual predicate that could not have been discovered previously through the exercise of due diligence and is sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(B); *United States v. Espinosa-Saenz,* 235 F.3d 501, 505 (10th Cir. 2000).

Further, before a second or successive petition is filed in the district court, the petitioner must move the court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A). When a second or successive § 2254 claim is filed in the district court without the required authorization from the court of appeals, the district court may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631 or may dismiss the petition for lack of jurisdiction.  *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997).

The current Petition is Petitioner's second and is not accompanied by an authorizing order from the court of appeals.  Under § 2244(b)(1), the Court lacks jurisdiction to proceed and must either dismiss Petitioner's Petition or transfer this proceeding to the Tenth Circuit.  Applying the *Cline* factors, the Court finds that Seager does not raise any issue that could not have been raised in his prior Petition and it is not in the interest of justice to transfer the proceeding.  *Cline,* 531 F.3d at 1252.Armij

Petitioner has filed his second or successive §2254 Petition without authorization from the Tenth Circuit Court of Appeals.  28 U.S.C. § 2241(b)(3). Petitioner also fails to establish any grounds that would permit him to proceed on a second or successive petition. 28 U.S.C. § 2244(b)(2). The Court declines to transfer the Petition to the Tenth Circuit and will dismiss for lack of jurisdiction. *Coleman v. United States,* 106 F.3d at 341. Under Rule 11 of the Rules

Governing Section 2254 Cases, because Petitioner has failed to make a substantial showing of denial of a constitutional right, the Court will also deny a certificate of appealability.

**IT IS ORDERED** that the Petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody filed by Petitioner Allan Seager (Doc. 1) is **DISMISSED FOR LACK OF JURISDICTION**, a certificate of appealability is **DENIED**, and judgment will be entered.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE