IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALLAN SEAGER,

      Petitioner,

vs.                                                                                                                        No. 2:20-cv-01261-KWR-LF

DWAYNE SENTIESTEVAN, WARDEN,
ATTORNEY GENERAL OF THE STATE OF
NEW MEXICO,

      Respondents.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR RECONSIDERATION

**THIS MATTER** is before the Court, on the Motion for Reconsideration filed by Petitioner Allan Seager. (Doc. 5) ("Motion"). The Court will deny the Motion.

The Court dismissed this proceeding for lack of jurisdiction because Seager's Petition is a second or successive 28 U.S.C. § 2254 petition filed without authorization by a United States Court of Appeals. 28 U.S.C. § 2244(b). In his Motion for Reconsideration, Petitioner concedes that his Petition is a second § 2254 petition and he characterizes this proceeding as a "continuation" of his prior § 2254 case. (Doc. 5). He requests that the Court reconsider its dismissal and allow him to proceed because he is an incarcerated prisoner lacking legal knowledge. (Doc. 5).

However, this Court lacks any discretion to allow him to proceed in this case. As the Court has advised Petitioner, under 28 U.S.C. § 2244(b)(1), any claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application ***must be dismissed***. A claim that was not presented in a prior application ***must also be dismissed*** unless the applicant shows either (1) that the claim relies on a new rule of constitutional law that was

1

previously unavailable and was made retroactive to cases on collateral review by the Supreme Court or (2) that the factual predicate for the claim was previously unavailable and would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Petitioner's claims in this case were raised in his prior § 2254 proceeding and must be dismissed. 28 U.S.C. § 2244(b)(1); *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997). To the extent any argument can be raised that Petitioner did not previously raise any asserted claim in his prior § 2254 Petition, Seager does not rely on any new constitutional law that was previously unavailable and made retroactive on collateral review by the United States Supreme Court. *See* 28 U.S.C. § 2244(b)(2)(A); *Tyler v. Cain*, 533 U.S. 656 (2001). Nor does Petitioner argue or rely on a factual predicate that could not have been discovered previously through the exercise of due diligence and is sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(B); *United States v. Espinosa-Saenz,* 235 F.3d 501, 505 (10th Cir. 2000).

Importantly, even if 28 U.S.C. § 2244(b)(1) and (2) did not require dismissal, before a second or successive petition is filed in the district court, the petitioner ***must move the court of appeals*** for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). When a second or successive § 2254 claim is filed in the district court without the required authorization from the court of appeals, the district court must either transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631 or may dismiss the petition for lack of jurisdiction. *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997).

The current Petition is Petitioner's second and is not accompanied by an authorizing order from the court of appeals. Under § 2244(b)(1), the Court lacks jurisdiction to proceed and must either dismiss Petitioner's Petition or transfer this proceeding to the Tenth Circuit. The Court has already determined that, applying the *Cline* factors, Seager does not raise any issue that could not have been raised in his prior Petition and it is not in the interest of justice to transfer the proceeding. *Cline,* 531 F.3d at 1252. Petitioner's Motion for Reconsideration does not present any basis for the Court to change that determination. If Petitioner wishes to proceed on a second or successive §2254 petition, he must file for and obtain Tenth Circuit authorization.

Petitioner has filed his second or successive §2254 Petition without authorization from the Tenth Circuit Court of Appeals. 28 U.S.C. § 2241(b)(3). Petitioner also fails to establish any grounds that would permit him to proceed on a second or successive petition. 28 U.S.C. § 2244(b)(2). The Court had declined to transfer the Petition to the Tenth Circuit, dismissed for lack of jurisdiction, and declined to issue a certificate of appealability. *Coleman v. United States,* 106 F.3d at 341. Plaintiff's Motion for Reconsideration does not present any basis for the Court to reconsider its dismissal and the Court will deny the Motion.

**IT IS ORDERED** that the Motion for Reconsideration filed by Petitioner Allan Seager (Doc. 5) is **DENIED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE