IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALLAN SEAGER,

    Petitioner,

v.                                                                                No. 20-cv-1261-KWR-LF

DWAYNE SANTISTEVAN, *et al*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Petitioner Allan Seager's post-judgment Motion to Unseal State Court Exhibit and Requests for Hearing (Docs. 13-15) (together, the "Post-Judgment Motions"). Petitioner is incarcerated and proceeding *pro se*. He asks the Court to unseal an exhibit filed in his state criminal case, No. D-722-CR-2010-0011. The State Court sentenced Petitioner to 18 years imprisonment in that case following his convictions for criminal sexual penetration of a child under age thirteen. *See* Doc. 1 at 1; Amended Judgment in Case No. D-722-CR-2010-0011. Petitioner filed his first federal 28 U.S.C. § 2254 petition challenging those convictions in 2015. *See* Case No. 15-cv-0747-MCA-SMV. The Court (Hon. M. Christina Armijo) denied the first § 2254 petition on the merits in 2016. *See* Doc. 22 in Case No. 15-cv-0747-MCA-SMV. On December 4, 2020, Petitioner filed a second § 2254 petition challenging his state convictions in Case No. D-722-CR-2010-0011, which generated the above-captioned habeas action. *See* Doc. 1. This Court dismissed the second § 2254 petition for lack of jurisdiction and as an unauthorized successive habeas filing. *See* Doc. 3 (Dismissal Ruling). Final Judgment was entered in this case on December 7, 2020. *See* Doc. 4.

    Petitioner filed the instant Post-Judgment Motions over three years after entry of the Final

Judgment. Post-judgment motions filed more than 28 days after entry of a judgment are generally analyzed under Fed. R. Civ. P. 60(b). To obtain relief more than one year after entry of a final judgment, the movant typically must show the judgment is void or has been otherwise satisfied. *See* Fed. R. Civ. P. 60(b)(4)-(6), (c)(1). Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief." However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate … when it offends justice to deny such relief." *Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). Courts have considerable discretion in deciding whether to grant relief under Rule 60(b). *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

The Post-Judgment Motions here seek an order directing the State District Court to unseal Exhibit 19 in Petitioner's state criminal proceeding, Case No. D-722-CR-2010-0011. *See* Doc. 13 at 1. Exhibit 19 consists of a forensics report, which allegedly contains exculpatory evidence that will aid in Petitioner's defense. *Id.* Even assuming this is true, there is no basis to grant post-judgment relief in this closed federal habeas case. The Post-Judgment Motions fail to demonstrate the Judgment is void/satisfied or that extraordinary circumstances exist. There is also no procedural mechanism that would allow a Federal Court to direct a State Court to unseal an exhibit and/or provide discovery in a state criminal case. The federal rules governing sealed exhibits only apply in Federal Court proceedings. Further, the federal mandamus statute – which permits the Court to compel a government agent to perform his or her duty – only applies to federal officials. *See* 28 U.S.C. § 1361 (permitting Federal Courts to compel action by a federal official); *Mathieu v. Brown*, 780 Fed. App'x 665, 666 (10th Cir. 2019) ("The statute does not allow relief against state officials or state agencies."); *United States v. Tinajero-Porras*, 304 Fed. App'x 754, 757 (10th Cir. 2008)

(Federal Courts lack jurisdiction to compel production of documents from a respondent who is "not an officer or employee of the United States" under § 1361).  Petitioner has therefore not established grounds for relief under Rule 60(b) or any state or federal procedural rule.

The Post-Judgment Motions also appear to contain substantive arguments regarding the invalidity of Petitioner's state criminal convictions in Case No. D-722-CR-2010-0011.  Petitioner alleges the State altered the evidence against him and concealed exculpatory information.  *See* Docs. 13, 15.  To the extent the Post-Judgment Motions continue to raise successive habeas claims, the Court lacks jurisdiction to resolve such claims on the merits.  *See* 28 U.S.C. § 2244(a); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive … § 2254 claim until [the Tenth Circuit] has granted the required authorization.").  The Court has the option of transferring any successive § 2254 claims to the Tenth Circuit, if they appear meritorious or contain new evidence of innocence, for example.  *See Cline,* 531 F.3d at 1251; 28 U.S.C. § 2244(b)(2).  A transfer is not appropriate here because Petitioner does not explain why the state forensics report is exculpatory.  The Tenth Circuit also already declined to grant Petitioner's application to pursue a successive claim after this case was dismissed.  *See* Doc. 39 in Case No. 15-cv-0747-MCA-SMV (denying Petitioner's motion for authorization to file a successive § 2254 claim).

For these reasons, the Court will deny the Post-Judgment Motions, to the extent Petitioner seeks relief under Rule 60(b) or a state/federal procedural rule, and dismiss those filings without prejudice, to the extent they raise successive habeas claims.  The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as this ruling is not reasonably debatable.  *See* Habeas Corpus Rule 11 (requiring the District Court to issue or deny a certificate of appealability

when it enters an order adverse to the petitioner); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (A certificate may only issue where "reasonable jurists would debate the assessment of the … claims").

**IT IS ORDERED** that Petitioner Allan Seager's Motion to Unseal State Court Exhibit and Requests for Hearing (**Docs. 13-15**) are **DENIED,** to the extent they seek relief under Rule 60(b) or a state/federal procedural rule; and **DISMISSED without prejudice**, to the extent they raise successive habeas claims; and a certificate of appealability is **DENIED**.

**SO ORDERED**.

                                                       /S/
                                        HON. KEA RIGGS
                                        UNITED STATES DISTRICT JUDGE